## WELLS FORBES *versus* THE INHABITANTS OF BETHEL.

Where an action was commenced in the District Court, and a verdict was there rendered in favor of the plaintiff for eighty dollars as damages, and the defendant appealed; and on the trial in this Court the verdict was for the plaintiff for twenty dollars, damages; and exceptions to the ruling of the presiding Judge were filed by the plaintiff, and the action was continued; *it was holden*, that in entering up judgment, the plaintiff must be restricted to the recovery of costs equal to one quarter part only of the amount of damages found by the jury.

ACTION on the case to recover damages alleged to have been sustained through a defect of a highway in Bethel, which the town was bound to keep in repair. The action was originally commenced in the District Court, where the plaintiff recovered a verdict for eighty dollars as damages. The defendant appealed, and in this Court the verdict was for the plaintiff for twenty dollars damages.

WELLS J. presiding at the trial, instructed the jury, that they were to judge, whether the highway where the injury happened was safe and convenient for travelers; that in deciding that question they would take into consideration the amount of travel upon the highway; that highways were required to be wrought more perfectly and more smoothly in some places, than in others; that the greater the amount of the travel upon them, the more perfectly they should be made and

kept in repair; and that it was their province exclusively to decide, whether the highway in question was safe and convenient.

To these instructions the plaintiff excepted.

*Howard* and *Lawson*, for the plaintiff, contended; that the instructions were erroneous, inasmuch as they required a road to be made better, that is, more safe and convenient, where there is much travel, than where there is little. The law requires roads to be made safe and convenient, and alike in all places.

They also contended, that they were entitled to full costs. The plaintiff was entitled to have interest upon the amount of the verdict until judgment was entered up. The judgment must be for more than twenty dollars. Rev. St. c. 116, § 1 and 2; 2 Wash. C. C. R. 463; 1 Wash. C. C. R. 1; 8 Cranch, 229; Rev. St. c. 97, § 6, 7; c. 96, § 16, 17, 18, 19, 20; c. 151, § 13. The verdict for eighty dollars in the District Court, furnishes conclusive evidence, that the action should not have been brought before a justice.

*Codman* and *Frye*, for the defendants, contended that the instructions were correct; and that if they were erroneous, they were too favorable for the plaintiff, and therefore it is not for him to complain. He is not aggrieved; Rev. St. c. 25, § 68, 69 and 89.

The plaintiff ought not to have full costs on account of his own misconduct in filing groundless exceptions. · Interest should not be cast upon the verdict, when the exceptions are filed by the plaintiff, as in this case. 4 Greenl. 66; 2 Greenl. 397.

Tenney J. was not present at the argument, and took no part in the decision, and Shepley J. dissented.—The opinion of the other two Judges, Whitman C. J. and Wells J., was drawn up by

Whitman C. J. — This action is trespass on the case, for an injury received from a defect in a highway, which the defendants were bound to have kept in repair. The action is

before us, at this time, upon exceptions taken to the ruling and instructions of the Judge, who presided at the trial. His instructions to the jury were, that they should inquire and determine whether the highway, where the injury occurred, was safe and convenient for travelers; that, in deciding that question, they would take into consideration the amount of travel upon the same; "that it was their province exclusively to decide whether the highway in question was safe and convenient." The verdict was for the plaintiff for damages to the amount of only $20,00; and the exceptions were taken by him, as is supposed, upon the ground, that, by the misdirection of the Judge, the damages were not commensurate with the injury. But the jury have found in his favor, and could not have been influenced, injuriously to him, by the instructions given. They must have found, that the highway was defective; and this was all that the plaintiff could, in this particular, have desired they should do; and to this particular alone did the instructions of the Judge have reference. The plaintiff, therefore, is not aggrieved by the instructions, even if erroneous, and as he relies upon no other supposed errors in the ruling and instructions, his exceptions must be overruled.

But, the verdict having been rendered for damages to the amount only of $20,00, a question arises of some moment, which the counsel have argued, and which must be decided on entering up judgment, though not regularly before us under the exceptions; and we proceed to consider it. It is as to the costs, which the plaintiff will be entitled to recover.

The defendants contend, that the plaintiff is entitled to recover only one quarter part as much for costs, as his verdict is for damages; and rely upon Rev. St. c. 151, § 13, which provides, that, if, in any action, originally brought before the Supreme Judicial or any District Courts, it shall appear, on the rendition of judgment, that the action should originally have been brought before a justice of the peace, &c., the plaintiff shall be entitled to recover only one quarter part as much costs as damages.

It may be observed that it is not said, if the plaintiff shall

recover no more than twenty dollars damages, that he shall be restricted as to his costs; but that, if it shall appear on the rendition of judgment, &c. This phraseology was used doubtless with an intention that the Court should look into the case, and see that the plaintiff, when he commenced his action, could not have commenced it properly elsewhere than in the S. J. Court or in a District Court; as in the case of a large claim, which might or might not, at the option of the defendant, be reduced below $20,00, by a demand filed in set-off. In such case the plaintiff's right to full costs could not be impaired, if a balance were ultimately found in his favor. And in the case of a note of hand bearing interest, if before the plaintiff could expect to recover judgment thereon, it would amount to over $20,00, including the interest, the Court might hold, on the rendition of judgment, that an action on it had properly been brought in the District Court. The District Court, by the Rev. St. c. 116, § 2, is not ousted of jurisdiction, though the demand to be sued may be under twenty dollars. The language of that section is, — "but in personal actions, mentioned in the exception contained in the preceding section, when the sum demanded does not exceed twenty dollars, a justice of the peace shall have original jurisdiction *concurrently* with the District Court." The restriction lies in the plaintiff's liability to lose a large portion of his costs if he commences such actions otherwise than before a justice of the peace, or a municipal court.

In actions of tort, however, where unliquidated damages are sought to be recovered, the Court cannot well have any other criterion whereby to determine whether they ought to have been brought before justices of the peace, or a police court, than the amount for which verdicts may be rendered in them. This is an action of that kind, and the verdict is for a sum not exceeding twenty dollars. But the plaintiff contends, that, the action having been continued one term, interest may be allowable on his verdict, so that he will finally recover more than twenty dollars for his damages, and therefore, that he should not be restricted as to his costs. But an answer may

be found to this proposition in the fact, that it is " on the ren-
dition of judgment," apparent, from the finding of the jury,
that his action should have been brought before a justice of
the peace. And, moreover, it may be noted that the provision,
that interest may be added to the amount of the verdict, is
not imperative. The language of the Rev. St. c. 96, § 20,
is, " the Court *may* allow interest" in such cases ; whereas in
c. 97, § 20, in reference to the not entering an action in the
Court above, carried there by an excepting party, from *the*
Court below, the language is, " the S. J. Court *shall* increase
the damages, if any, by adding legal interest thereon," show-
ing that the Court may exercise a discretion in the one case,
but not so in the other. And where the increase, in the cases
like the present, if allowed, would be consequent upon the
fault of the plaintiff in filing unsustainable, if not frivolous
exceptions, the Court might well hesitate to allow of the in-
crease, if it 'would have the effect so essentially to change the
rights of the parties, in reference to a heavy bill of costs. We
are therefore of opinion that in entering up judgment, in this
case, the plaintiff. must be restricted to the recovery of costs
equal to one quarter part of the amount of damages found by
the jury.

SHEPLEY J. — The case is presented by a bill of exceptions
taken by the plaintiff to the instructions to the jury. A ver-
dict was found for the plaintiff, and the damages assessed at
the sum of twenty dollars. The instructions had no reference
to the amount of damages. If they presented the question,
whether the highway was safe and convenient, less favorable
to the plaintiff than it should have been, he cannot have
been aggrieved by them, for the jury must have found that
point in his favor. These instructions could not properly
have had any influence upon the amount of damages, and the
Court cannot presume, that they had. The exceptions must
be overruled.

Another question has been presented by the argument,
whether the plaintiff is entitled to recover full costs.

When a verdict is returned and exceptions are taken, the

statute c. 96, § 20, provides, that " the Court may allow interest on the damages given in the action from the time the verdict was returned to the time of rendering judgment thereon." The word " may," when used in a public statute, is imperative and equivalent to the word must, unless the intention be to confer a discretionary power to be exercised or not according to the judgment of those upon whom the power is conferred. *Rex* v. *The Commissioners of the Flockhold Inclosure,* 2 Chitty's R. 251 ; *Minor* v. *The Mechanic's Bank of Alexandria,* 1 Peters, 64 ; Exparte Simonton, 9 Port. 390. Could it have been the intention of the Legislature by this section not to form any general rule alike applicable to all, but to grant a power to the Court merely discretionary to allow interest on a verdict in one case and disallow it in another according as it might seem to the Court to be equitable ? There is nothing in the language of the section, or in the context, or subject matter that authorizes such a conclusion. The evident intention was to confer a right to receive interest on a verdict between the time of finding and the time of judgment. The party has a right to have that power exercised and to recover such interest, unless he has forfeited that right by his own misconduct. That the plaintiff cannot be said to have done in this case, unless his exceptions can be overruled as frivolous. And they have not, and could not have been so overruled. The judgment to be rendered must therefore exceed the sum of twenty dollars ; and the plaintiff will be entitled to full costs, unless the Court has a discretionary power to allow or disallow full costs in such cases. It has rarely, if ever, been the policy of the legislation in this State respecting costs in actions at law, to give to the Court a discretionary power over them without determining the manner in which it should be exercised. No statute should be so construed as to give the Court an arbitrary discretion respecting such costs, unless the language admits no other fair interpretation.

It is provided by statute c. 151, § 13, " If in any action originally brought before the Supreme Judicial Court or any District Court it shall appear on the rendition of judgment,

that the action should have been originally brought before a justice of the peace or the judge of any municipal or police court, the plaintiff shall not be entitled to recover for costs more than one quarter of the debt or damage so recovered." The rule or criterion, by which the Court is to determine, whether the action should have been originally brought before a magistrate is determined by the statute ; and it is, that " it shall appear on the *rendition of judgment*," that it should have been so brought. No other general rule applicable to all cases could well be established ; for there is no verdict found in very many actions before judgment. The amount of the verdict is not made the criterion of judgment for costs in any case. The Court cannot substitute a rule of its own for that provided by the statute.

The language of the former statute for the restriction of costs, c. 59, § 30, was not adopted, when the statutes were revised, but the language was used as before stated. The cause for the change can be readily ascertained. It was provided by statute c. 59, § 30, that no action should be sustained in the circuit court of common pleas, where the damage demanded did not exceed twenty dollars, unless by appeal from a justice of the peace, saving such actions, wherein the title to real estate may be concerned ; " and if upon any action originally brought before the circuit court of common pleas judgment shall be recovered for no more than twenty dollars debt or damage ; in all such cases the plaintiff shall be entitled for his costs to no more than one quarter part of the debt or damage so recovered." Here the rule prescribed by the statute to determine, whether the plaintiff was entitled to full costs, was in all such actions, wherein the title to real estate was not concerned, that he did not recover judgment for more than twenty dollars. That could not continue to be the rule under the Revised Statutes, because justices of the peace had no longer exclusive jurisdiction of all actions wherein the debt or damage did not exceed twenty dollars, and where the title to real estate was not concerned. This exception respecting actions wherein the title to real estate might be concerned was

enlarged by the provisions of statute c. 116, § 1. By that statute the exception extends to " real actions, actions of trespass on real estate, actions for the disturbance of a right of way or any other easement, and all other actions, where the title to real estate according to the pleadings or the brief statement filed in the case by either party may be in question." It is provided by the second section, that the District Court shall have concurrent jurisdiction of the actions enumerated in this exception. There are therefore actions, which may be brought originally before the District Court under the Revised Statutes, in which the plaintiff does not demand more than twenty dollars damages, and in which the title to real estate may not appear to have been concerned. Such for example as actions of trespass on real estate, in which the general issue alone is pleaded ; and actions for the disturbance of a right of way or of an easement, the only defence to which is, that there has been no disturbance. Hence the necessity for the change of the criterion, by which the limitation of costs was to be determined. The Court could not deprive the party of full costs in such excepted actions, although his judgment should be obtained for less than twenty dollars damages. To meet this change in the law it became necessary to change the rule by which the plaintiff's right to full costs was to be restricted, and to substitute the words, when it should " appear *on the rendition of judgment,* that the action should have been originally brought before a justice of the peace," for the former words when " judgment shall be recovered for no more than twenty dollars debt or damage."

If the amount of the verdict were by construction to be substituted for the amount of the judgment as the rule for the restriction of costs, it should be applied in all cases, in which verdicts are rendered. The statute authorizes no distinction between delays of judgment after verdict occasioned by exceptions taken by the plaintiff and by the defendant. Nor can any person be punished or deprived of any rights for taking exceptions, except in the mode prescribed by the statute, by overruling them as frivolous and subjecting him to the penalty:

of double costs and to the other conditions prescribed. The plaintiff in this case must be considered as having conducted legally in taking the exceptions, and the delay occasioned by a legal course of conduct cannot be imputed to him as so blameworthy as to authorize the Court to deprive him of any right or to refuse to allow him the same construction of the statute, as it must receive, had the exceptions been taken on the part of the defendants. It cannot be determined " on the rendition of judgment, that the action should have been originally brought before a justice of the peace," and a case is not therefore presented, which authorizes the Court to restrict the costs. Should it be admitted, that the plaintiff has no equitable claim to full costs, that would be no satisfactory reason for an erroneous construction of the statute to deprive him of them. To regulate the costs in actions at law the Legislature has prescribed general and often arbitrary rules which cannot be expected to work out a perfect equity in each case. To allow costs in this case, which may appear to be wholly inequitable in accordance with those rules, is a consideration of small importance compared with the mischief to be anticipated from an erroneous construction of statutes.